

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RUBY J. WRIGHT                      PLAINTIFF

VS.                     CIVIL ACTION NO. 3:17cv345 CWR-FKB

JASPER GENERAL HOSPITAL                     DEFENDANT

## COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** Plaintiff, Ruby J. Wright, by and through her counsel, Watson & Norris, PLLC, and files this Complaint against Jasper General Hospoital, (hereinafter "Defendant"), pursuant to the Fair Labor Standards Act for unpaid overtime wages. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1. The Plaintiff, Ruby J. Wright, is an adult female resident of Jasper County, Mississippi.

2. Defendant, Jasper General Hospital, may be served with process through the Chief Executive Officer, Clinton Eaves, 15 6th St, Bay Springs, Mississippi 39422.

3. The Defendant falls within the definition of a covered employer as set out in Section 203 of the Fair Labor Standards Act.

### JURISDICTION

4. Jurisdiction of this civil action is conferred by Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) and venue is proper in this Court.

5. This Court has federal question jurisdiction.

## FACTS

6. Plaintiff was employed at Jasper General Hospital in the Procare Home Health Agency Division from October 10, 2008, until her termination on February 20, 2017, as a route nurse. Plaintiff's duties were to care for patients in their homes. Plaintiff's rate of pay was $29.00 per hour. Plaintiff's official employer listed on her W-2 is Defendant, Jasper General Hospital.

7. Plaintiff performing her duties, often had to work in excess of eight hours a day to see each patient. Plaintiff began documenting the overtime hours she worked. Defendant failed to properly track the overtime hours each of its employees worked. As such, Defendant failed to properly maintain accurate time records.

8. Brianna McNeil, Plaintiff's supervisor, inquired into Plaintiff's documentation of overtime. Plaintiff explained to Ms. McNeil, that due to the distance between the homes of her patients and their specific needs, Plaintiff was unable to complete her duties in eight hours. Ms. McNeil told Wright that the extra time she spent working could be used as a form of "unofficial comp time" to run errands while on her route from patient to patient. Plaintiff informed Ms. McNeil that she did not have those responsibilities and wanted to be paid for the hours she worked overtime. Ms. McNeil then threatened Plaintiff that Plaintiff's inability to complete her duties during the eight hour period would result in a poor evaluation. Evaluations determine whether an employee was granted a yearly raise. Due to Defendant's threat, Plaintiff became hesitant about documenting overtime hours, and would often document only half of the hours she actually worked overtime. It was customary for Plaintiff to work one to two hours overtime each day, but would only document two to four hours a week, fearing ramifications. Defendant intentionally failed to compensate Plaintiff for all hours worked because Defendant forced her not to document all hours worked.

9. Plaintiff contacted Valla Taylor in Defendant's Human Resource Department. Plaintiff informed Ms. Taylor about Ms. McNeil constantly questioning her overtime hours. Ms. Taylor instructed Plaintiff to document those hours. From that point forward, Defendant paid Plaintiff for the hours she documented as overtime.

10. Subsequently, the time came for employee evaluations. Ms. McNeil unlawfully retaliated against Plaintiff for complaining that she was not properly paid for all overtime worked and gave Plaintiff a poor evaluation for "being incapable of completing her duties within the eight hour work day."

11. Plaintiff contacted Ms. Taylor to inform her of Ms. McNeil's persistent opposition to her documentation of overtime. Plaintiff submitted a formal written complaint to Ms. Taylor. Ms. Taylor told Plaintiff to allow one to two weeks for Human Resources to investigate the claim. The following week, Plaintiff was instructed by Ms. McNeil not see her patients on Friday, February 17, 2017, and to report to the office on Monday, February 20, 2017. In the meeting on Monday with Ms. McNeil and Ms. Taylor, Plaintiff was abruptly terminated for alleged "unsatisfactory job performance." Ms. Taylor informed Plaintiff that she had allegedly received multiple complaints from patients regarding Plaintiff's performance.

12. Plaintiff was paid on an hourly basis and was not paid overtime wages for all hours over forty (40) hours per week that she worked.

13. Plaintiff worked over forty (40) hours every week, but the Defendant did not properly compensate Plaintiff for the overtime hours she worked.

14. Defendant's actions constitute an intentional and willful violation of the Fair Labor Standards Act.

## COUNT ONE: VIOLATION OF THE FAIR LABOR STANDARDS ACT

15. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 14 as if fully incorporated herein.

16. Plaintiff was a non- exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff was entitled to overtime pay for all hours over forty (40) hours worked in a given week.

17. The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

18. Plaintiff was not paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ her regular rate of pay.

19. The acts of the Defendant constitute a willful intentional violation of the Fair Labor Standards Act entitling Plaintiff to compensation for all overtime hours worked since the inception of her employment and entitle Plaintiff to liquidated damages.

## COUNT TWO: UNLAWFUL RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

20. Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs 1 through 19.

21. Defendant has violated the Fair Labor Standards Act by terminating Plaintiff for reporting the Defendant's refusal to pay overtime wages.

22. The acts of the Defendant constitute a willful intentional violation of the Fair Labor Standards Act and entitle Plaintiff to both compensatory and punitive damages.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon

hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Damages resulting from Defendant's actions including: unpaid overtime wages, unpaid bonuses, unpaid pay increases, unpaid vacation pay, unpaid back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;
2. Reinstatement;
3. Compensatory damages against Defendant in an amount to be determined by the jury;
4. Liquidated damages against Defendant;
5. Punitive damages against Defendant in an amount to be determined by the jury;
6. Such further relief as is deemed just and proper.

THIS the 5th day of May, 2017.

Respectfully submitted,

RUBY J. WRIGHT, PLAINTIFF

By: _____
LOUIS H. WATSON, JR. (MB#9053)
NICK NORRIS (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com